IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEMARION TYRELL FORD                                             PLAINTIFF

v.                              Civil No. 6:23-CV-06113-SOH-BAB

OFFICER MORGAN MURRAY (Police                                   DEFENDANTS
Officer, Hot Springs Police Department)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District

Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]

Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.  BACKGROUND

Plaintiff filed his Complaint on November 11, 2023.  (ECF No. 1).  That same day, the

Court entered an Order directing him to file a completed *in forma pauperis* ("IFP") application.

(ECF No. 2).  Plaintiff filed his IFP application and an Amended Complaint on November 29,

2023.  (ECF Nos. 4, 5).  He was granted IFP status on November 30, 2023.  (ECF No. 6).

Plaintiff is currently incarcerated in the Garland County Detention Center.  (ECF No. 4 at

2).  He alleges that on March 13, 2023, Defendant Murray and his officers arrested him for

"something that was not mine," ignored evidence concerning another individual on the scene,

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

ignored the statements of a witness, and employed excessive force in arresting him.  (*Id*. at 5).  He alleges he has been falsely imprisoned for 8 months, and the Judge and his Public Defender threw away the motions he sent them.  (*Id*. at 4-5, 7).  He alleges he is being falsely imprisoned on charges of simultaneous possession of drugs and firearms, possession of firearms by a certain person, possession of drug paraphernalia, and possession of a Schedule I/II controlled substance.  (*Id*. at 13).  He seeks his immediate release and compensation in the amount of $5.5 million dollars for his incarceration.  (*Id*. at 5).

Review of Plaintiff's state court record indicates *State v. Damarion Tyrell Ford*, Case No. 26CR-23-252, is currently an open case in Garland County Circuit Court.[2]  Plaintiff accurately listed the criminal charges in his Complaint.  A Motion to Dismiss based on the fact that the drugs and firearms were not in Defendant's possession has been filed in the case.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief

---

[2] Available at Arkansas Court Connect.  (last accessed Dec. 20, 2023).

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages).  In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal.  *Night Clubs, Inc.*, 163 F. 3d at 481.  In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730.

Here, Plaintiff's claims are intertwined with his state criminal case, *State v. Damarion Tyrell Ford,* Case No. 26CR-23-252, which is currently an open case in Garland County, Arkansas, Circuit Court  As this case is still pending, the *Younger* abstention doctrine applies.  Plaintiff does not contend he cannot raise his claims in the state criminal case.  And Plaintiff has not identified any extraordinary circumstances that suggest this Court should interfere with the state criminal case.  The state clearly has an important interest in enforcing its criminal laws.  There are important interests in allowing state courts to administer their own cases.  Plaintiff may raise all of the claims he seeks to assert here in his ongoing state criminal proceeding.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Amended Complaint (ECF No. 4) be STAYED and ADMINISTRATIVELY TERMINATED pending the resolution of Plaintiff's state criminal case.  Plaintiff will have thirty (30) days after the final resolution of his pending criminal

case to file a Motion to Reopen this case.  Failure to file the Motion by the deadline will result in the summary dismissal of this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **9th day of January 2024**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE