IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEMARION TYRELL FORD                                                                                   PLAINTIFF

v.                               Civil No. 6:23-cv-06113-SOH-MEF

OFFICER MORGAN MURRAY
(Police Officer, Hot Springs Police Department)                                      DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion to Reopen this case. (ECF No. 12).

### I.     BACKGROUND

Plaintiff filed his Complaint on November 11, 2023. (ECF No. 1). That same day, the Court entered an Order directing him to file a completed *in forma pauperis* ("IFP") application. (ECF No. 2). Plaintiff filed his IFP application and an Amended Complaint on November 29, 2023. (ECF Nos. 4, 5). He was granted IFP status on November 30, 2023. (ECF No. 6).

Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") Varner Unit. He filed his Complaint while incarcerated in the Garland County Detention Center. (ECF No. 4 at 2). He alleges that on March 13, 2023, Defendant Murray and his officers arrested him for "something that was not mine," ignored evidence concerning another individual on the scene, ignored the statements of a witness, and employed excessive force in arresting him. (*Id*. at 5). He alleges he has been falsely imprisoned for eight months, and the Judge and his Public Defender threw away the motions he sent them. (*Id*. at 4-5, 7). He alleges he is being falsely imprisoned on

1

charges of simultaneous possession of drugs and firearms, possession of firearms by a certain person, possession of drug paraphernalia, and possession of a Schedule I/II controlled substance. (*Id*. at 13). He seeks his immediate release and compensation in the amount of $5.5 million dollars for his incarceration. (*Id*. at 5).

Review of Plaintiff's state court record at the time of preservice screening indicated that *State v. Damarion Tyrell Ford*, Case No. 26CR-23-252, was an open case in Garland County Circuit Court.[1] Plaintiff accurately listed the criminal charges in his Complaint. A Motion to Dismiss based on his contention that the drugs and firearms were not in his possession was filed in the case. Accordingly, the undersigned entered a Report and Recommendation to stay and administratively terminate the case pursuant to the *Younger* abstention doctrine. (ECF No. 9). This Report and Recommendation was adopted on January 29, 2024. (ECF No. 10). Plaintiff was given 30 days after the final resolution of his pending state criminal case to file a motion to reopen this case. (*Id*.).

On August 14, 2025, Plaintiff filed a Motion to Reopen. (ECF No. 12). Plaintiff argues that he never received either the Report and Recommendation recommending the stay or the Order granting the stay. Instead, he was informed by another inmate who was going through case logs in the law library. (*Id*.). Plaintiff states that he was in a "state of shock" and "diligently and immediately filed this *Pro Se* motion" to reopen his case. (*Id*.). Plaintiff makes no mention of the status of his state criminal case in his motion to reopen.

Review of the state court docket for *State v. Damarion Tyrell Ford*, Case No. 26CR-23-252 indicates that Plaintiff was found guilty of all charges in the case on September 11, 2024, after a trial by jury. An Order from the Arkansas court of appeals was entered on December 17, 2024,

---

[1] Available at Arkansas Court Connect (last accessed Jan. 27, 2026).

approving substitution of Plaintiff's attorney, but no opinion from the appeal itself is in the docket. Review of Arkansas state court cases on Westlaw indicates that Plaintiff appealed his conviction. His appeal was based on the theory that "the circuit court erred in denying his motions for directed verdict because the State failed to present substantial evidence that he actually or constructively possessed the firearm, methamphetamine, and paraphernalia." *Ford v. State*, 2025 Ark. App. 459, at *1, 722 S.W.3d 530, 532. Plaintiff's conviction was affirmed on October 1, 2025. (*Id*.). He filed a Motion for Post Conviction Relief under Ark. R. Crim. P. 37.1 on October 30, 2025.

## II.     ANALYSIS

Plaintiff's claims in this case are now barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Plaintiff was convicted of all four criminal charges brought against him after a jury trial. His conviction was affirmed on appeal. He is currently in the process of seeking post-conviction relief. He does not allege that his conviction has been reversed, expunged, or declared invalid. As such, his claims are barred by the *Heck* doctrine.

## III. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Motion to Reopen (ECF No. 12) be DENIED and Plaintiff's Amended Complaint (ECF No. 4) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of January 2026.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE